IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

LUIS T. J. LEAL, SR,

                    Plaintiff,              Case No. 3:08 CV 226

    -vs-

                                   MEMORANDUM OPINION

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

KATZ, J.

       This matter is before the Court on the Report & Recommendation ("R & R") of Magistrate Judge Kenneth S. McHargh (Doc. No. 40) and the Objection thereto filed by Plaintiff Luis T.J. Leal, Sr. (Doc. No. 43). At issue is the Commissioner's denial of Plaintiff's application for Supplemental Security Income ("SSI") benefits. The Court notes jurisdiction pursuant to 42 U.S.C. §405(g) and 42 U.S.C. §1383(c)(3). *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 832-33 (6th Cir. 2006).

       In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate Judge's findings to which the Plaintiff objects. For the following reasons, the Court declines to adopt the Magistrate's R & R and remands the case to the Commissioner for further proceedings consistent with this opinion.

## I. BACKGROUND

The Court adopts the following relevant history:

       Plaintiff originally filed an application for Supplemental Security Income benefits in October of 2000. (Tr. 79-80). This application was denied initially and upon reconsideration. (Tr. 22-23). On July 11, 2002, Plaintiff appeared without counsel and testified at a hearing held before Administrative Law Judge Brian

Bernstein ("ALJ Bernstein"). (Tr. 418-43). ALJ Bernstein denied Plaintiff's application for benefits. (Tr. 151-59).

On January 28, 2003, Plaintiff filed a second application for Supplemental Security Income benefits. (Tr. 139-40). Leal's second application was also denied initially and upon reconsideration. *Id.* Plaintiff requested and was granted an administrative hearing. (Tr. 141-42, 164). On October 8, 2004, Plaintiff appeared with counsel and testified at a hearing held before Administrative Law Judge Steven Neary ("ALJ Neary"). (Tr. 49). On November 30, 2005, ALJ Neary issued an unfavorable decision ruling that Plaintiff was not disabled. (Tr. 49-54). Subsequently, the Appeals Council issued an order vacating ALJ Neary's November 30, 2005 decision and directed that he conduct a new hearing. *See* (Tr. 13). The Appeals Council further mandated that on remand the ALJ should directly address the opinions of Plaintiff's treating sources and "questions related to the claimant's earnings history and past work." *Id.*

Therefore, ALJ Neary conducted a second hearing on January 10, 2007. *Id.* Plaintiff appeared at the hearing with counsel. Vocational expert, Mr. Charles McBee, also appeared at the proceeding. *Id.* On August 28, 2007, ALJ Neary issued his decision, again finding that Plaintiff was not disabled. (Tr. 13-20). Leal requested review of ALJ Neary's second unfavorable decision. (Tr. 8). On December 7, 2007, the Appeals Council denied Leal's request for review of ALJ Neary's second decision, and thereafter, Plaintiff sought judicial review in the instant court. (Tr. 5-7, 377). During the pendency of the judicial action, the Commissioner filed a motion to remand Plaintiff's case due to the Commissioner's inability to locate the audio recording of the hearing held before ALJ Neary on January 10, 2007. *See* (Tr. 378-79). In response, Plaintiff filed a motion for summary judgment arguing that he should not be required to undergo another hearing due to the Commissioner's failure to locate the audio recording. *Id.* Magistrate Judge James S. Gallas recommended that Plaintiff's motion be denied, and that the Commissioner's motion be granted to remand the case back to the Social Security Administration. *Id.* Ultimately, [this Court] adopted Judge Gallas's report and recommendation after finding that Plaintiff had failed to file timely objections to Judge Gallas's report. (Tr. 377). Thereafter, the Appeals Council vacated the Commissioner's prior decision and ordered that a new hearing be scheduled for Plaintiff. (Tr. 380-83).

Plaintiff's fourth hearing was initially scheduled for July 6, 2009, however, Plaintiff failed to appear at this proceeding. (Tr. 384, 391). The hearing was eventually rescheduled for November 12, 2009, before Administrative Law Judge John Markuns (the "ALJ" or "ALJ Markuns"). (Tr. 360). On the date of the hearing Leal executed a Waiver of Right to Representation form, waiving his right to be represented by counsel during the hearing. (Tr. 359). Accordingly, Plaintiff appeared and testified at the hearing without counsel. (Tr. 468-509). Vocational expert, Ms. Amy Kutschbach (the "VE"), also appeared and testified at the proceeding. *Id.*

On December 30, 2009, ALJ Markuns issued an unfavorable written decision in which he applied the five-step sequential evaluation, and determined that Leal had not established that he was disabled under the Social Security regulations. (Tr. 350-

> 58). Leal requested review of the ALJ's decision from the Appeals Council. On April 16, 2010, the Appeals Council denied Plaintiff's request for review, thereby making ALJ Markuns's determination the final decision of the Commissioner. (Tr. 346-47). Plaintiff now seeks judicial review of the ALJ's decision. The Court notes that Plaintiff represents himself *pro se* in this appeal.
>
> Leal, born on October 2, 1953, was fifty-six years old as of the date of his hearing before ALJ Markuns, and therefore, considered as a "person of advanced age" for Social Security purposes. (Tr. 356, 487); *See* 20 C.F.R. § 416.963(e). Leal received mechanic's training in high school and has completed three years of college. (Tr. 488-89). Plaintiff has past experience working as a janitor, reception clerk, companion, cable service sales representative, retail stocker/storekeeper and as a case aide. (Tr. 505). Leal also testified that he has served as a coach for youth basketball, baseball and football. (Tr. 500).

Doc. 40 at 1-4 (footnotes omitted).

The R & R recommended affirming the decision of the Commissioner. Initially, the Court adopted the R & R, when Plaintiff failed to file any objections. Doc. No. 41. Plaintiff then moved for an extension of time to file objections (Doc. No. 42), which the Court granted out of an abundance of caution. Doc. No. 44. Plaintiff's objection notes, *inter alia*, the issue of his age.[1] Doc. No. 43.

## II. STANDARD OF REVIEW

This Court reviews the ALJ's determination to see if it is supported by substantial evidence. 42 U.S.C. § 405(g). The Court does not re-weigh the evidence, but must affirm the ALJ's findings as long as there is substantial evidence to support those findings. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971) (citation

---

[1] Plaintiff's other objections ("not reflective of the record, responsive to issues," and "the theme of the case") primarily relate to the question of substantial evidence independent of Plaintiff's age or to irrelevant considerations such as earning potential in alternative positions. *See* Doc. No. 40 at 9n3. The Court need not address these issues to decide this case.

3

omitted); *Lashley v. Secretary of Health & Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983). The ALJ's decision is not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

### III. ANALYSIS

The Commissioner uses a five-step sequential evaluation in determining disability. 20 C.F.R. § 416.920. (1) If Plaintiff is working and the work in which he is engaging in is substantial gainful activity, the Secretary will find that he is not disabled. (2) If Plaintiff does not have an impairment or combination of impairments which significantly limits his ability to do basic work activities, the Commissioner will find that he is not disabled. (3) If Plaintiff has an impairment listed in appendix 1 of the Regulations, the Commissioner will find that he is disabled without considering his age, education and work experience. (4) If Plaintiff has a severe impairment not listed in appendix 1 of the Regulations, the Commissioner reviews her residual functional capacity and the physical and mental demands of the work he has done in the past. If he can still do this kind of work, the Commissioner will find that he is not disabled. (5) If the claimant has a severe impairment not listed in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, app. 1 (1995), and cannot do the kind of work he has done in the past, the Secretary considers the claimant's residual functional capacity, age, education and past work experience to see if he can do other work. If the claimant cannot do other work, the Commissioner will find that he is disabled.

The only step currently at issue is the final one at which the Commissioner bears the burden. *Varley v. Secretary of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). The ALJ found, at step four, that even though Plaintiff had the residual functional capacity to perform light work, he could not perform any past relevant work because there was no such past relevant work. Then, at

the final step, the ALJ found that Plaintiff had the residual functional capacity to perform a significant number of other jobs. Further, the ALJ did explicitly consider Plaintiff's age at that step, noting that Plaintiff was forty-nine when he filed the application under consideration and noting that Plaintiff had progressed, during the course of proceedings, to the "closely approaching advanced age" age category. T.R. 356.

There are three age categories. 20 C.F.R. §414.963. Forty-nine years old would have put Plaintiff in the very end of the "younger person" category for which age plays little role in deciding the final step. 20 C.F.R. §414.963(c). From ages fifty to fifty-four, a claimant is in the "closely approaching advanced age category" noted by the ALJ, at which age must be considered, but without any specific constraints. 20 C.F.R. §414.963(d). The final category, "advanced age," governs claimants fifty-five years old and older, with special rules for those sixty and older. 20 C.F.R. §414.963(e). Any claimant in the "advanced age" category, in either subcategory, who is restricted to light or sedentary work will only be found capable of other work at the final step if such other work is skilled or semiskilled and the claimant has skills which can be transferred to the new work. 20 C.F.R. §414.968(d)(4).

When applying the age categories, "the claimant's age as of the time of the decision governs in applying the regulations." *Varley*, 820 F.2d at 780; *see also Caudill v. Comm'r of Soc. Sec.*, 424 Fed. Appx. 510, 516 (6th Cir. 2011) (applying "age at the time of [the ALJ's] hearing decision" in SSI case). A change in age category during proceedings "goes to the question of the onset date, not the question of disability." *Varley*, 820 F.2d at 781. Plaintiff was fifty-six years old at the time of the hearing, and thus the later decision. As the R & R notes, this places him in the "advanced age" category. The ALJ did not discuss the "advanced age" category or the skilled/semiskilled nature of

alternative work available to Plaintiff and declined to address transferrable skills because of Plaintiff's lack of past relevant work.

Because the ALJ applied the wrong age category in reaching a decision and the correct age category would require considerations the ALJ failed to address, the decision of the Commissioner is not supported by substantial evidence. The Court will remand to the Commissioner for a new decision which takes proper consideration of Plaintiff's age at the time the decision is made and any skills he can transfer to other skilled or semiskilled work, and, if Plaintiff is found to be disabled (especially if it is due to the application of the age categories), determination of onset date.

### IV. CONCLUSION

The ALJ incorrectly considered Plaintiff's age at the time the application was filed, rather than on the date of his decision. Thus, the decision of the Commissioner is not supported by substantial evidence. The Court declines to adopt the Report & Recommendation of the Magistrate Judge (Doc. No. 40). Plaintiff's claim is remanded to the Commissioner for analysis of the effect of Plaintiff's age, under 20 C.F.R. §416.963-416.968(d)(4), on his residual functional capacity to engage in work in the national economy, addressing both whether his age makes him disabled and, if so, the onset date.

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE